1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| TRAVIS LUCIANO,<br><br>                         Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION,<br><br>                         Defendant. | Case No. 22-cv-734-MMA (RBB)<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS**<br><br>[Doc. No. 13] |

22      On September 30, 2022, Plaintiff Travis Luciano filed a Second Amended

23  Complaint against the California Department of Corrections and Rehabilitation

24  ("Defendant" or "CDCR").  *See* Doc. No. 10 ("SAC").  Defendant now moves to dismiss.

25  *See* Doc. No. 13.  Plaintiff filed an opposition, to which Defendant replied.  *See* Doc.

26  Nos. 14, 15.  The Court took the matter under submission and without oral argument

27  pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 16.  For the reasons set forth below,

28  the Court **GRANTS** Defendant's motion

# I. BACKGROUND[1]

The factual background as discussed in the Court's Order on Defendant's Motion to Dismiss the First Amended Complaint, *see* Doc. No. 9, which the Court incorporates by reference here, remains largely unchanged. The Court therefore provides the following abbreviated summary.

The CDCR provides medical, dental, and mental health services to its prison inmates through the California Correctional Health Care Services ("CCHCS"). SAC ¶ 9. In May 2013, Plaintiff began working for CCHCS as an Office Technician at the Richard J. Donovan Correctional Facility. *Id.* ¶ 10. Plaintiff transferred to CalTrans on December 20, 2019, severing his employment with the CDCR. *Id.* ¶ 37.

Generally speaking, Plaintiff alleges that he was subjected to numerous instances of sex discrimination during his tenure with the CDCR by failure to promote. As a result, Plaintiff asserts one claim against the CDCR for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). *Id.* at 8.[2]

On March 20, 2020, Plaintiff filed dual complaints with the California Department of Fair Employment and Housing ("DEFH") and the Equal Employment Opportunity Commission ("EEOC") charging CCHCS with retaliation. Doc. No. 13-2 ("Def. Ex. 1") at 19–20. Plaintiff received a right to sue letter on January 15, 2021. Def. Ex. 1 at 16.

Plaintiff originally brought this action in the San Diego County Superior Court on March 7, 20221. *See* St. Ct. Case No. 37-2022-00008426. On April 4, 2022, Plaintiff filed a First Amended Complaint. *See* Doc. No. 1-2 at 3–10 ("FAC"). On May 23, 2022, Defendant removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1441. *See* Doc. No. 1. Thereafter, the Court granted Defendant's Motion to Dismiss the FAC, *see* Doc. No. 9, and Plaintiff filed a Second Amended Complaint.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure[3] 12(b)(1) allows for dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction must exist when the action is commenced. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Further, subject matter jurisdiction may be raised "at any stage of the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

When considering a motion to dismiss under Rule 12(b)(1), a court is not restricted to the face of the pleadings, but may review any evidence to resolve factual issues relevant to the jurisdictional determination. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not convert the motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

(internal quotation marks omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. REQUEST FOR JUDICIAL NOTICE

Defendant has filed a request for judicial notice in connection with its motion. *See* Doc. No. 13-2. In particular, Defendant asks that the Court judicially notice Plaintiff's EEOC records. Plaintiff does not oppose Defendant's request.

The Court previously granted Defendant's request to judicially notice these same documents, *see* Doc. No. 9 at 6. For the same reasons, namely, that Plaintiff incorporates his EEOC records by reference, *see* SAC ¶ 8, and that EEOC records are public records whose existence and authenticity are not subject to reasonable dispute, the Court **GRANTS** Defendant's request.

## IV. DISCUSSION

As an initial matter, Defendant argues that the majority of Plaintiff's pleaded incidents of discrimination are untimely, *see* Doc. No. 13-1 at 12, and that Plaintiff failed to exhaust a claim for construction discharge, *see id.* at 15. The Court has already ruled on these arguments in Defendant's favor. *See* Doc. No. 9 at 9.

First, the Court previously ruled that Plaintiff's only timely discriminatory act is the November 2019 allegation that he was not selected for an unidentified SSA/AGPA position. *See id.* at 9. The Court also, however, ruled that Plaintiff may still set forth

these additional allegations as evidence to the extent they are relevant.  *See id.*  Second, the Court agreed with Defendant that, to the extent Plaintiff seeks to bring a claim for constructive discharge, the Court lacks subject matter jurisdiction because Plaintiff did not exhaust this claim.  *See id.* at 13.

A review of Plaintiff's SAC and opposition reveals that Plaintiff does not argue the untimely discriminatory incidents are actionable, nor does he assert a constructive discharge claim.  Nonetheless, the Court reiterates that untimely acts of discrimination may only be used as evidence to support a viable claim, *see AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002), and that the Court lacks subject matter jurisdiction over any constructive discharge claim, *see Anderson v. Am. Airlines, Inc.*, 252 F. App'x 166, 167–68 (9th Cir. 2007) (quoting *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003)).

It is apparent that the true dispute centers on Plaintiff's failure to amend his pleading to address the Court's concern regarding exhaustion of his sex discrimination claim.  In the SAC, as with the FAC, Plaintiff asserts one single claim for sex discrimination in violation of Title VII.  However, in its Order on Defendant's Motion to Dismiss the FAC, while addressing whether a constructive discharge claim was "like or reasonably related to" the EEOC charge of retaliation, the Court noted the following in a footnote:

> Given the single charge of retaliation in the EEOC Complaint, the Court has serious concerns over whether Plaintiff duly exhausted his sex discrimination claim. The prior "discrimination complaint" referenced in the EEOC Complaint is Plaintiff's May 11, 2018 Merit Issue Grievance, in which Plaintiff complained of a discriminatory hiring and promoting process. *See* FAC ¶ 26. While this action may certainly fall within Title VII's protection from retaliation, claims of retaliation for filing a complaint against, or otherwise opposing, sex discrimination do not require a meritorious sex discrimination claim. As such, an investigation of an EEOC complaint alleging retaliation for filing a previous grievance would not have encompassed whether the grievance had merit—*i.e.*, whether Plaintiff had experienced sex discrimination in 2018.

Moreover, Plaintiff could have alleged in the EEOC Complaint—or put forth facts suggesting—that the CDCR retaliated against him for filing a grievance and discriminated against him on the basis of his sex—*i.e.*, that alleged sex discrimination he previously complained of occurred again in 2019. He did not. Ultimately, it is Plaintiff's burden to establish that his November 2019 sex discrimination claim is like or reasonably related to his charge of retaliation; Plaintiff must show that "[t]he [EEOC] charge . . . describe[ed] the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) (quoting *Cooper v. Bell*, 628 F.2d 1208, 1211 (9th Cir. 1980) (internal quotation marks omitted)).

While the Court has the authority to sua sponte consider its subject matter jurisdiction over Plaintiff's sex discrimination claim, *see* Fed. R. Civ. P. 12(h)(3); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002), the Court declines to do so at this time. Defendant does not argue in its motion that the Court lacks jurisdiction over the entire claim—just individual incidents. *See* Doc. No. 2-1. And Plaintiff seems to believe he has stated a claim for retaliation. *See* Doc. No. 7-1. Accordingly, in light of the apparent confusion over the issues and number of claims in this case, the matter will be better addressed with further briefing.

Doc. No. 9 at 12 fn.5.

Plaintiff did not elect to bring a retaliation claim and instead only amended his pleading to bolster his sex discrimination claim with additional factual information in an effort to survive the plausibility test. *See* Doc. No. 14-1 at 5. However, he now indicates that he wishes to do so. *Id.* at 6. It is not clear at this time whether he intends to assert retaliation as an additional cause of action, or if he intends to bring only a claim for retaliation and thus abandon his sex discrimination claim.[4] *See id.*

Without knowing what claim(s) Plaintiff seeks to pursue in this action, the Court declines to addresses whether he has exhausted these claims and thus whether the Court has subject matter jurisdiction over them. The Court also notes that it does not have the

---

[4] For example, Plaintiff notes that he "now understands that the proper cause of action in this matter is solely for 'retaliation' under Title VII." Doc. No. 14-1 at 6. However, he also indicates he wishes to "adjust the primary claim to 'retaliation'" and states he intends to reexamine the issue of exhaustion as to his sex discrimination claim. *Id.*

authority to sua sponte exercise subject matter jurisdiction over a substantively unexhausted Title VII claim.  *See* Doc. No. 14-1 at 6.  Although Plaintiff need not necessarily plead that his claims are like or reasonably related to his EEOC charge, it is ultimately his burden to satisfy the Court that they are should Defendant make such a challenge again.

Nonetheless, as Plaintiff seemingly concedes that his SAC is deficient and does not substantively oppose dismissal, the Court **GRANTS** Defendant's motion.  The Court declines to reach the plausibility of Plaintiff's sex discrimination claim based upon the new allegations until it is clear he intends to pursue this cause of action.

Acknowledging the deficiencies in the SAC, Plaintiff asks for leave to amend. Doc. No. 14-1 at 6.  Defendant argues that amendment would be futile, and that because the Court has already granted amendment once, it should not do so a second time.  *See* Doc. No. 13-1 at 19.

As the Ninth Circuit has noted, where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).  The Court cannot say that Plaintiff cannot cure the present defects.  It is not inconceivable that a claim for sex discrimination could be found like or reasonably related to a retaliation claim where the prior complaint was for sex discrimination.  Further, it is not clear that Plaintiff cannot state a viable retaliation claim.

Moreover, to the extent that Plaintiff's failure to bring a retaliation claim is not a "defect" of the operative pleading, the Court finds that leave to amend to add this claim should still be permitted.  Under Rule 15, granting or denying leave to amend a complaint is in the discretion of the Court, *see Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Granting leave to amend serves the purpose of Rule 15 to "facilitate decision on the merits rather than on the pleadings or technicalities."

*Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal citation and quotation marks omitted), and the Rule's policy of favoring amendments "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citation and quotation marks omitted). When considering whether to grant leave to amend under Rule 15, courts are to consider the following: (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

The Court finds that the *Foman* factors weigh in favor of granting leave to amend to assert a new claim for retaliation. First, the Court notes that Plaintiff has already amended his pleading twice—filing a First Amended Complaint in state court on April 4, 2022, *see* Doc. No. 1-2 at 3–10, then filing a Second Amended Complaint in response to the Court's Order on Defendant's Motion to Dismiss the FAC, *see* Doc. No. 10. It is unclear why or to what extent Plaintiff amended his initial pleading. However, Plaintiff has only amended his pleading once in this Court. Second, there does appear to be a delay here, given that Plaintiff admittedly did not take full advantage of the most recent opportunity to amend. However, Plaintiff's counsel accepts responsibility for the confusion. Further, this case is less than one year old and still in its infancy and the parties have not yet taken any discovery. Accordingly, the Court cannot say any delay is undue. For these same reasons, the Court finds that Defendant will not be prejudiced by granting Plaintiff another opportunity to amend. Turning to the third and fourth factors,

there is no indication of bad faith here and as noted above, it does not appear that amendment would be futile. Therefore, after analyzing the *Foman* factors and guided by the general principle that cases, especially those brought pursuant to Title VII, are to be decided on the merits, the Court grants Plaintiff leave to amend.

## V. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's sex discrimination claim with leave to amend. Plaintiff must file his third amended complaint, if any, on or before **January 30, 2023**. Defendant must then respond within the time prescribed by Rule 15.

**IT IS SO ORDERED**.

Dated: January 9, 2023

HON. MICHAEL M. ANELLO
United States District Judge