1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| TRAVIS LUCIANO,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION,<br><br>                                    Defendant. | Case No. 22-cv-734-MMA (RBB)<br><br>**ORDER GRANTING IN PART<br>DEFENDANT'S MOTION TO<br>STRIKE; AND**<br><br>[Doc. No. 20]<br><br>**GRANTING DEFENDANT'S<br>MOTION TO DISMISS CLAIM FOR<br>PUNITIVE DAMAGES**<br><br>[Doc. No. 21] |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On January 30, 2023, Plaintiff Travis Luciano filed a Third Amended Complaint against the California Department of Corrections and Rehabilitation ("Defendant" or "CDCR"). *See* Doc. No. 19 ("TAC"). Defendant now moves to strike certain allegations in Plaintiff's Third Amended Complaint and dismiss Plaintiff's request for punitive damages. *See* Doc. Nos. 20, 21. Both motions are fully briefed, *see* Doc. Nos. 23–25, and the Court took the matters under submission and without oral argument pursuant to

Civil Local Rule 7.1.d.1.  *See* Doc. No 22.  For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion to strike and **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND[1]

This case is before the Court for review of Plaintiff's third amended pleading and Defendant's third and fourth Rule 12 motions.  *See* Doc. Nos. 2, 10, 13, 19, 20, 21.  The factual background set forth in the Court's Order on Defendant's Motion to Dismiss the First Amended Complaint, *see* Doc. No. 9 ("First Dismissal Order"), and Order on Defendant's Motion to Dismiss the Second Amended Complaint, *see* Doc. No. 18 ("Second Dismissal Order"), remains virtually unchanged.  The Court incorporates both prior Dismissal Orders by reference here and provides the following abbreviated summary.

The CDCR provides medical, dental, and mental health services to its prison inmates through the California Correctional Health Care Services ("CCHCS").  TAC ¶ 9.  On May 10, 2013, Plaintiff began working for CCHCS as an Office Technician at the Richard J. Donovan Correctional Facility.  *Id.* ¶ 10.  Plaintiff later worked as an Office Services Supervisor II until he transferred to CalTrans on December 20, 2019, severing his employment with the CDCR.  *Id.*; *see also id.* ¶ 33.

Generally speaking, Plaintiff alleges that he was not promoted to a position he applied for in November 2019 in retaliation for filing a grievance with respect to numerous earlier instances wherein the CDCR failed to promote him, which Plaintiff perceived as being due to sex discrimination.  *See id.* ¶ 11, 26, 29.  As a result, Plaintiff asserts one claim against the CDCR for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).  *Id.* at 8.[2]

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the Complaint.  *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1

## II. LEGAL STANDARDS

2   A Rule 12(b)(6)[3] motion tests the legal sufficiency of the claims made in a

3   complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must

4   contain "a short and plain statement of the claim showing that the pleader is entitled to

5   relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to

6   state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl.*

7   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more

8   than "a formulaic recitation of the elements of a cause of action," or "naked assertions

9   devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

10   (internal quotation marks omitted). Instead, the complaint "must contain allegations of

11   underlying facts sufficient to give fair notice and to enable the opposing party to defend

12   itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In reviewing a

13   motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual

14   allegations and must construe them in the light most favorable to the nonmoving party.

15   *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need

16   not take legal conclusions as true merely because they are cast in the form of factual

17   allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly,

18   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

19   motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Where dismissal

20   is appropriate, a court should grant leave to amend unless the plaintiff could not possibly

21   cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936,

22   942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

23   Additionally, "[t]he Court may strike from a pleading . . . any redundant,

24   immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). For the purposes

25   of this rule, "'[i]mmaterial' matter is that which has no essential or important relationship

26

27   ──────────────

28   [3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, at 711); *see also Whittlestone, Inc.*, 618 F.3d at 974.

The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally disfavored, unless 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Haghayeghi v. Guess?, Inc.*, No. 14-cv-00020 JAH-NLS, 2015 U.S. Dist. LEXIS 43243, at *11–12 (S.D. Cal. Mar. 24, 2015) (quoting *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)); *see also Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)).

In ruling on a motion to strike, the Court may only consider the face of the pleading or matters subject to judicial notice. *See Fantasy, Inc.*, 984 F.2d at 1528. "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Snap! Mobile, Inc. v. Croghan*, No. 18-cv-04686-LHK, 2019 U.S. Dist. LEXIS 28759, at *9 (N.D. Cal. Feb. 22, 2019) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Ultimately, the decision about whether to strike allegations is a matter within the district court's discretion. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing *Fantasy, Inc.*, 984 F.2d at 1528); *see also Whittlestone, Inc.*, 618 F.3d at 974 (quoting *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

### III. D<small>ISCUSSION</small>

As an initial matter, Defendant moves to dismiss Plaintiff's request for punitive damages. *See* Doc. No. 21-1 at 3. Here, while Plaintiff's prayer for relief includes a request for punitive damages, *see* TAC at 9, he does not oppose Defendant's motion to dismiss. *See* Doc. No. 24. In any event, the CDCR is a government agency and Title VII expressly bars an award of punitive damages against a government agency. 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). Accordingly, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's request for punitive damages.

Turning to Defendant's motion to strike, Defendant challenges either portions or the entirety of twenty-four (24) paragraphs in Plaintiff's Third Amended Complaint. *See* Doc. No. 20 at 2–6; *see also* Doc. No. 20-1 at 10–14. Defendant contends that these allegations are both immaterial and impertinent for a variety of reasons. *See id.* at 14–17.

Before turning to the propriety of the allegations and Defendant's challenges, the Court begins with an overview of the posture of this case. Plaintiff initiated this action in the San Diego County Superior Court on March 7, 2021. *See* St. Ct. Case No. 37-2022-00008426. On April 4, 2022, Plaintiff filed a First Amended Complaint in state court. *See* Doc. No. 1-2 at 3–10. By way of the First Amended Complaint, Plaintiff asserted one claim for sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20000e-2(a). *See id.* In May 2022, Defendant removed the action to this Court. *See* Doc. No. 1.

In the First Dismissal Order, the Court found that based upon Plaintiff's March 20, 2020 EEOC Complaint, Plaintiff's only timely discriminatory act was the November 2019 allegation that he was not selected for an unidentified SSA/AGPA position. Doc. No. 9 at 9. Accordingly, while the Court dismissed Plaintiff's claim to the extent it was based upon the untimely acts, the Court nevertheless held that these instances may be used as evidence to the extent they are relevant to and support a viable claim. *See id.* The Court also found that, to the extent Plaintiff sought to assert a constructive discharge

claim, the Court lacked jurisdiction because it was not reasonably related to the EEOC Complaint. *Id.* at 10–11. In the First Dismissal Order, the Court included a lengthy footnote identifying a related issue with the First Amended Complaint that was not briefed: Plaintiff's EEOC Complaint charged retaliation and yet Plaintiff's sole claim was for sex discrimination. *See id.* at 12 fn.5. Nonetheless, the Court declined to sua sponte address and rule on the issue. *Id.* As to the plausibility of Plaintiff's sex discrimination claim, the Court found that Plaintiff just narrowly failed to survive dismissal. *See id.* at 14. Accordingly, for these reasons, the Court dismissed Plaintiff's claim with leave to amend.

On September 30, 2022, Plaintiff filed a Second Amended Complaint, again asserting only one claim for sex discrimination. *See* Doc. No. 10. Defendant moved to dismiss, mainly arguing the issued identified by the Court in the First Dismissal Order footnote: whether Plaintiff's EEOC retaliation charge served to duly exhaust his claim for sex discrimination. *See* Doc. No. 18 at 5. However, the matter was left for another day as it was unclear from Plaintiff's opposition what claim(s) he sought to pursue. *See id.* at 6. Accordingly, the Court again dismissed Plaintiff's claim with leave to amend.

Plaintiff has now filed the Third Amended Complaint, electing to pursue only a claim for retaliation in violation of Title VII. *See* TAC. Defendant does not challenge the plausibility of Plaintiff's claim, nor does Defendant argue any procedural or jurisdictional defect. Rather, Defendant seeks to have the Court strike Plaintiff's allegations related to sex discrimination and constructive termination that remain in the pleading. *See generally* Doc. No. 20-1. In opposition, Plaintiff generally argues that the prior alleged acts of discrimination are relevant because if they are believed, "it becomes more likely the trier of fact will see those acts as part of Defendant's motive to retaliate against Plaintiff for filing his [EEOC] complaint." Doc. No. 23 at 4.

Title VII makes it unlawful for, among other things, "an employer to discriminate against any of his employees . . . because he has opposed any . . . unlawful employment practice [under] this title." 42 U.S.C.S. § 2000e-3. To make out a prima facie case of

retaliation under Title VII, a plaintiff must establish that: (1) he undertook a protected activity under Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal link between those two events.  *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 646 (9th Cir. 2003).

Here, Plaintiff's asserted protected activity is his May 11, 2018 Merit Issue Grievance.  *See* TAC ¶ 26.  According to Plaintiff, he complained that Defendant discriminated against him because he is a male by failing to promote him on numerous instances and that Defendant's screening criteria was unfair and disparately applied to him as a male.  *See id.* ¶ 25.  Thereafter, in November 2019, Plaintiff applied for an SSA/AGPA position, but he was ultimately not selected.  *See id.* ¶ 29.  This is Plaintiff's identified and only timely adverse action.  Plaintiff contends that he suffered this adverse action in retaliation for his grievance, *see id.* ¶ 31, and his position is factually supported, *see id.* ¶¶ 30, 30*, 31*.[4]

Plaintiff need not prove that the underlying conduct was unlawful, rather, he need only demonstrate that he had a reasonable, good faith belief that the conduct he protested was prohibited by Title VII.  *See Trent v. Valley Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir. 1994).  To that end, a review of the challenged allegations reveals that some are related to whether Plaintiff held a good faith belief that it was unlawful for Defendant to repeatedly deny him promotions due to his sex.  *See id.* at 527.  Some of the challenged allegations could also conceivably bear on the causal link between Plaintiff's grievance and the adverse action.  Additionally, some of Plaintiff's allegations may be used for background purposes to support his now-viable retaliation claim.  *See AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the prior [untimely] acts as background evidence in support of a timely claim.").

---

[4] As Defendant notes, Plaintiff's Third Amended Complaint inadvertently includes two sets of different allegations numbered as 30, 31, 32, and 33.  *Compare* TAC at 6, *with id.* at 7.  The paragraphs denoted with an * refer to the second set of allegations, found on page 7 of the Third Amended Complaint.

However, some of the challenged allegations are plainly immaterial and impertinent to the case at this juncture because Plaintiff has not asserted claims for sex discrimination and constructive discharge.  Keeping in mind that motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991), and the Court "must hesitate before striking material from a litigant's pleadings," *Gallegos v. Roman Catholic Archbishop of S.F.*, No. 16-cv-01588-LB, 2016 U.S. Dist. LEXIS 74207, at *11–12 (N.D. Cal. June 7, 2016), the Court **GRANTS IN PART** Defendant's motion and **STRIKES** the following:

1.     . . . . which had the purpose or effect of discriminating against Plaintiff based on his sex . . . .

10.     . . . at which time his employment was unceremoniously severed.

11.     Mr. Luciano's employment separation resulted from employment discrimination [] based on his sex. Specifically, Mr. Luciano is informed and believes, and based thereon alleges that the adverse employment actions he suffered resulted because of his sex . . . .

31.     . . . and/or because Plaintiff was a male employee.

32*.   Having been subjected to Defendant's sex discrimination . . . Plaintiff had no other option remaining but to sever his employment.

33*.   . . . Plaintiff's employment was separated . . . .

34.     During his tenure Plaintiff witnessed and was the victim of persistent discrimination on the basis of gender . . . .

35.     . . . . Plaintiff asserts this action was clearly meant to deny him and similarly situated males answers as to why they were not promoted while lessor qualified females were accepted or positions were left vacant rather hire or promote a qualified male.

42.     . . . as well as the fact that he was male.

### IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Defendant's motion to dismiss and **GRANTS IN PART** Defendant's motion to strike.  The Court **STRIKES** the allegations identified above.  These rulings are without leave to amend.  However, the Court **DIRECTS** Plaintiff to a clean version of his pleading, consistent with the foregoing,[5] on or before **June 23, 2023**.  Defendant must then file its answer within the time prescribed by Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED**.

Dated:  June 14, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Namely, Plaintiff must remove his request for punitive damages as well as the stricken language, and must properly renumber his paragraphs.